**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TONYA MAZORA**                                                                                    **PLAINTIFF**

**v.**                                              **No. 4:12-cv-00801 KGB**

**ARKANSAS DEPARTMENT OF HUMAN SERVICES**                          **DEFENDANT**

<u>**ORDER**</u>

Before the Court is a notice regarding service filed by plaintiff Tonya Mazora (Dkt. No. 16). Defendant Arkansas Department of Human Services ("ADHS") responded by filing an objection to service seeking dismissal of Ms. Mazora's complaint for failure to perfect timely service of process (Dkt. No. 18). Ms. Mazora filed a response to ADHS's objection in which she renews her request for counsel (Dkt. No. 19). Ms. Mazora sent this letter to defendant's counsel, Carmen Mosley-Sims, via certified mail (Dkt. No. 20). ADHS responded by filing a second objection to service requesting the Court to dismiss this case or, in the alternative, to require plaintiff to perfect service as required by the Federal Rules of Civil Procedure (Dkt. No. 21). The Court will treat plaintiff's notice regarding service as a motion for clerk's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion for entry of default is denied, and Ms. Mazora shall have until January 21, 2014, to serve ADHS with process. Ms. Mazora's renewed request for counsel is granted.

**I.      Entry of Default**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "a defendant is under no duty to respond to the rules of a court unless he is brought under its jurisdiction through

the proper service of process." *Diamond Bear Brewing Co. v. Stromberg Tanks Int'l, Inc.*, 2010 WL 1417001, at *2 (E.D. Ark. Jan. 16, 2009) (quoting *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003)).   A defendant therefore cannot be held in default for failure to answer until properly served. *Id.*

Rule 4(j)(2) of the Federal Rules of Civil Procedure provides in pertinent part:

A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A)    delivering a copy of the summons and of the complaint to its chief executive officer; or

(B)    serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Under Arkansas law, service may be had on a state or municipal corporation or other governmental organization, subject to suit, by delivering a copy of the summons and complaint to the chief executive officer thereof, or other person designated by appointment or by statute to receive such service.  Ark. R. Civ. P. 4(d)(7).  Alternatively, service may be made by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee.  Ark. R. Civ. P. 4(d)(8)(A)(i).  The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations.  *Id.*  However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.  *Id.*  In Arkansas, statutory service requirements must be strictly construed, and compliance with them must be exact.  *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003).

The record contains a certified mail card addressed to "Department of Human Services, P.O. Box 310, Conway, AR 72033."  The certified mail card bears the signature of Sandy Frodin,

2

and the box for "agent" is checked. ADHS contends that service is improper because Ms. Frodin is neither the chief executive officer of ADHS nor a person designated by appointment or by statute to receive service. The record further contains a certified mail card addressed to Carmen Mosley-Sims at the Office of Chief Counsel, Arkansas Department of Human Services, in which the Court determines from the record Ms. Mazora mailed her response to defendant's objection to service and response to defendant's motion to dismiss, but not a copy of the summons and of the complaint, as required by the Federal and Arkansas Rules of Civil Procedure.

The Court cannot determine, on this record, that Ms. Mazora has properly served ADHS. Therefore, the motion for entry of default is denied.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court exercises its discretion under Rule 4(m) to extend the time for service rather than dismiss this case without prejudice. *See Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Ms. Mazora shall have until January 21, 2014, to serve ADHS with process.

## II. Appointment of Counsel

In her response Ms. Mazora renews her request for appointment of counsel (Dkt. No. 19). The 1964 Civil Rights Act provides for appointment of counsel in employment discrimination cases "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Three factors are generally considered relevant in evaluating applications for appointment of counsel in Title VII cases: (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel,

and (3) the merits of the discrimination claim.  *Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984) The Court notes that "there is no automatic right to the appointment of counsel in a Title VII case."  *Id.*    The Court, in reviewing the proceedings and Ms. Mazora's request grants her request.

***

For the foregoing reasons, the motion for entry of default is denied and Ms. Mazora's renewed request for appointment of counsel is granted.  Ms. Mazora shall have until January 21, 2014, to serve ADHS with process.

SO ORDERED this 19th day of November, 2013.


Kristine G. Baker
United States District Judge